IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **LATINA NEVELLE,**<br><br>Plaintiff,<br><br>v.<br><br>**THE LIFE PROPERTY MANAGEMENT SERVICES, LLC and OLIVE TREE PROPERTY MANAGEMENT, LLC and IAN BEL, personally**<br><br>Defendant. | CIVIL ACTION NO. |

## COMPLAINT

COMES NOW the Plaintiff, Latina Nevelle, ("Plaintiff"), by and through counsel, Beverly Lucas of Lucas & Leon, LLC and files this Complaint, alleging as follows:

### NATURE OF THIS ACTION

1.

This action is brought under the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. §201 *et seq.*, in which the Plaintiff seeks compensatory, liquidated damages and attorney's fees, against Defendants for their failure to pay federally-mandated overtime wages during Plaintiff's employment

with Defendants.

## PARTIES

2.

Latina Nevelle, the named Plaintiff in this action, is an individual who submits herself to the jurisdiction and venue of this Court.

3.

Plaintiff was an "employee" as defined by the Fair Labor Standards Act, 29 U.S.C. § 203(e)(1).

4.

The Life Property Management Services, LLC ("Life") is a foreign company who may be served by delivering the summons and Complaint to its legal representative, Justin M. Scott, Scott Employment Law, P.C., 150 E. Ponce de Leon Avenue, Suite 310, Decatur, Georgia 30030.

5.

The Olive Tree Property Management, LLC is a foreign company who, according to information and belief, is the parent company to The Life Property Management Services, LLC and may be served by delivering the summons and Complaint to its legal representative, Justin M. Scott, Scott Employment Law, P.C., 150 E. Ponce de Leon Avenue, Suite 310, Decatur, Georgia 30030.

6.

Both The Life Property Management Services, LLC and The Olive Tree Property Management, LLC have substantial ties to the state of Georgia and the Northern District of Georgia given that they have several properties located in Georgia and maintain and maintained offices at all relevant times hereto, conducting regular, not isolated acts of business in Georgia and in the Northern District of Georgia.

7.

Olive Tree Property Management, LLC ("Olive") is a limited liability company which maintains and at all times relevant hereto, maintained offices in the state of Georgia, and transacts and has transacted regular, not isolated, acts of business in DeKalb County, Georgia.

8.

Olive was and is, at all times relevant to this action, an "employer" within the meaning of FLSA, 29 U.S.C. § 204(d), an "enterprise" within the meaning of FLSA, 29 U.S.C. § 204(r), and "engaged in commerce" within the meaning of FLSA, 29 U.S.C. §§ 203(s)(1), 206, and 207.

9.

Life is a limited liability company which maintains and at all times relevant

hereto, maintained offices in the state of Georgia, and transacts and has transacted regular, not isolated, acts of business in DeKalb County, Georgia.

10.

Life was and is, at all times relevant to this action, an "employer" within the meaning of FLSA, 29 U.S.C. § 204(d), an "enterprise" within the meaning of FLSA, 29 U.S.C. § 204(r), and "engaged in commerce" within the meaning of FLSA, 29 U.S.C. §§ 203(s)(1), 206, and 207.

11.

Ian Bel is listed as the CEO of Olive Tree Properties, LLC and resides in DeKalb County, Georgia, the Northern District of Georgia, through each week, from where he exerts substantial control, directing each detail of the businesses and the day to day operations of the companies. He may be served through his legal representative, Justin M. Scott, Scott Employment Law, P.C., 150 E. Ponce de Leon Avenue, Suite 310, Decatur, Georgia 30030.

12.

Ian Bel has the authority to and in fact does/did hire and fire employees for both companies. He is and at all relevant times, was, an "employer" within the meaning of the FLSA, 20 U.S.C. § 203(d).

13.

Bel controls employee work schedules and conditions of employment, including without limitation, individuals employed by Olive and Life, in the same capacity of the Plaintiff.

14.

Bel determines the rate and method of payment of employees, including without limitation, individuals employed by Olive and Life, in the same capacity as the Plaintiff.

15.

At all times relevant to this action, Bel oversaw and had responsibility for maintaining employment records including, without limitation, employment records of individuals employed by Olive and Life, in the same capacity as the Plaintiff.

16.

Bel is and was at all times relevant to this action, an investor of Olive and Life, and acted directly or indirectly in the interest of Defendants Olive and Life.

17.

Ian Bel may be served by delivering a copy of the summons and Complaint to his legal representative, Justin M. Scott, Scott Employment Law, P.C., 150 E.

Ponce de Leon Avenue, Suite 310, Decatur, Georgia 30030.

18.

At all relevant times, individually and collectively, Defendants have been and remain an "employer" within the meaning of FLSA, 29 U.S.C. § 203(d) in that they acted "…directly or indirectly in the interest of an employer in relation to an employee…"

19.

As employers who engage in commerce all of the Defendants are subject to the requirements of the FLSA, 29 U.S.C. §201 *et seq*.

20.

Each Defendant was at all relevant times aware of the existence and requirements to pay non-exempt employees who work longer than forty (40) hours in a single workweek, one and one half the employee's regular rate of pay for all hours worked within the workweek in excess of forty (40) hours.

## **Jurisdiction**

21.

Jurisdiction, over this action, is conferred, in this Court, by § 216(b) of FLSA, 29 U.S.C. § 216(b) as well as 28 U.S.C. § 1331.

## **Venue**

22.

The unlawful employment practices were committed within the state of Georgia, county of DeKalb. Therefore, venue is proper pursuant to 28 U.S.C. §1391(b).

## FACTS

23.

The Plaintiff is a former employee of the Defendants.

24.

From August 2017 to on or about October 20, 2017, the Plaintiff was employed by the Defendants.

25.

According to the Georgia Secretary of State website, Ian Bel is the authorized signer for Olive.

26.

According to the Georgia Secretary of State website, Ian Bel is the authorized signer for Life.

27.

According to the Georgia Secretary of State website, Life and Olive possess the same New York address.

28.

Based on information and belief, Olive and Life are the same company.

29.

Based on information and belief, Ian Bel possesses an ownership interest in Olive and Life.

30.

Throughout her tenure, as an employee, with the Defendants, the Plaintiff was given the title of "dispossession manager." However, the primary duties of the Plaintiff were not managerial.

31.

Throughout her employment with the Defendants, the Plaintiff never directed the work of any of the Defendants' full time employees.

32.

Plaintiff never had the authority to hire and fire any of the Defendants' other employees.

33.

Plaintiff never exercised discretion or independent judgment with respect to matters significant to any of the Defendants. She was not authorized to act without specific permission from her supervisors, on each dispossessory case.

34.

At all times relevant to this action, Plaintiff was non-exempt for the overtime pay requirements as afforded by the FLSA, 29 U.S.C. §§201 *et seq*.

35.

According to information and belief, the Defendants paid the Plaintiff by direct deposit.

36.

At all times relevant herein, Plaintiff's regular weekly wage was $913.46

37.

Defendants paid the Plaintiff's wages, by check, bi-weekly.

38.

While employed, the Plaintiff's work schedule was controlled by the Defendants.

39.

The Plaintiff frequently worked one half hour over her shift, until 6 p.m., with one half hour for lunch, on site, about five hours each night from home and about ten hours, from home, on the weekends.

40.

Plaintiff worked consistently in excess of Seventy Seven (77.5) or more

hours per week. Plaintiff was never paid overtime compensation for hours worked in excess of forty hours in any given work week.

41.

Defendants failed to pay Plaintiff one and one-half times her regular rate of pay for the hours worked in excess of forty in any workweek.

## FIRST CAUSE OF ACTION
## VIOLATION OF THE FAIR LABOR STANDARD ACT (FLSA)

42.

Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs of her Complaint as if set forth fully herein.

43.

Plaintiff was regularly compelled and scheduled to work more than forty hours per week.

44.

The Defendants were required, in accordance with the FLSA, to pay the Plaintiff one and one-half times her regular rate of pay for her hours worked that were over 40 hours in each workweek.

45.

The Defendants failed to pay the Plaintiff one and one-half times her regular rate of pay for each hour worked over forty (40) hours in a week. Instead, Plaintiff

was paid nothing for the hours over forty (40) hours in each work week.

46.

The Defendants' unlawful acts, omissions, and practices concerning the terms, conditions, and provisions of the Plaintiff's employment violate the FLSA.

47.

As a result of Defendants' unlawful acts, omissions, and practices, Plaintiff suffered a loss of wages of $12,843.75.

48.

The Defendants' willful violation of the FLSA shows reckless disregard of Plaintiff's right to receive appropriate overtime compensation for her work with Defendants.

49.

Defendants, jointly and severally, owe the Plaintiff pay for work performed but not compensated in an amount to be determined, plus liquidated damages in an equal amount ($12,843.75) pursuant to 29 U.S.C. §216(b).

50.

Pursuant to Section 216(b) of the FLSA, Defendants owe Plaintiffs, jointly and severally, for reasonable attorney's fees.

**Prayer for Relief**

WHEREFORE, Plaintiff demands relief as follows:

1. Instruct the Clerk of Court to issue summons that are attached herein;
2. An order finding that the Defendants violated sections 215(a)(2) and 216(b) of the FLSA;
3. Judgment in favor of the Plaintiff, against Defendants, jointly and severally, for unpaid overtime compensation together with liquidated damages;
4. Pursuant to Section 216(b) of the FLSA, judgement in favor of the Plaintiff against the Defendants, jointly and severally for reasonable attorney fees;
5. Judgment in favor of Plaintiff against Defendants, jointly and severally, for all taxable and non-taxable costs;
6. Pursuant to the Seventh Amendment of the United States Constitution and Rule 38, Fed. R. Civ. P., TRIAL BY JURY on all claims on which a jury is available; AND
7. Such other, further and different relief as this Court deems appropriate.

Respectfully submitted this 2nd day of April, 2018.  (signature follows)


*/s/ Beverly A. Lucas*
Beverly A. Lucas
Georgia Bar No. 427692
Lucas & Leon, LLC
P.O. Box 752
Clarkesville, Georgia 30523
beverly@lucasandleon.com

Attorney for Latina Nevelle

## **CERTIFICATION**

I do hereby certify that this document has been prepared in Times Roman font, 14 point, in compliance with LR 5.1(C) of this Court.

*/s/ Beverly Lucas*
Beverly Lucas

## VERIFICATION

I, Plaintiff, Latina Neville, being duly sworn, under penalty of perjury, deposes and says that I have read the foregoing pleading to be filed and the facts stated are from firsthand knowledge and are true and correct to the best of my knowledge and belief.

This 2nd day of April, 2018

                                                                           _____
                                                                           Latina Neville, Plaintiff

Notary Seal

_____
Print Name

_____
My Commission expires ____ of _____, 20___

15